## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **STEVEN CAMPBELL** | **CIVIL ACTION** |
| **versus** | **NO. 15-384** |
| **ROBERT TANNER, WARDEN** | **SECTION: "E" (3)** |

### REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2). Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION**.

Petitioner, Steven Campbell, is a state prisoner incarcerated at the B.B. "Sixty" Rayburn Correctional Center in Angie, Louisiana. On May 15, 2007, he pleaded guilty to possession of cocaine under Louisiana law in Case No. 457-460 in Orleans Parish Criminal District Court. On that same date, he also pleaded guilty to being a second offender and was sentenced as such to a term of thirty months imprisonment to be served concurrently with any other sentences for which he was incarcerated.[1]

---

[1] State Rec., Vol. II of II, transcript of May 15, 2007; State Rec., Vol. II of II, minute entry dated May 15, 2007; State Rec., Vol. I of II, guilty plea forms.

Many years later, on June 22, 2012, the state district court then vacated the 2007 multiple offender sentence and resentenced petitioner to a term of thirty months imprisonment. In doing so, the district court indicated that petitioner was not being sentenced as a multiple offender. However, it was again ordered that his thirty-month sentence be served concurrently with any other sentences for which he was incarcerated.[2]

After his subsequent efforts to seek post-conviction relief met with no success, he filed the instant federal application for *habeas corpus* relief on or about February 1, 2015.[3] The state filed a response, arguing that the Court lacks subject matter jurisdiction to consider any challenge to the 2007 conviction because petitioner is no longer in custody with respect to that conviction.[4] Petitioner has filed a reply to the state's response.[5]

Federal district courts have jurisdiction to entertain petitions for writs of *habeas corpus* only from persons who are "*in custody* in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(3) and 2254(a) (emphasis added). Once a sentence imposed for a conviction has fully expired, a federal *habeas corpus* petitioner is no longer considered to be "in custody" with respect to that conviction. Maleng v. Cook, 490 U.S. 488, 492 (1989). Because petitioner's thirty-month sentence for his 2007 conviction expired prior to the filing

---

[2] State Rec., Vol. II of II, minute entry dated June 22, 2012.

[3] Rec. Doc. 1.

[4] Rec. Doc. 16. The state alternatively argued that petitioner's federal application was not timely filed. Because the Court does in fact lack subject matter jurisdiction in this case for the reasons set forth herein, that alternative defense will not be considered.

[5] Rec. Doc. 17.

of the instant federal application, the Court lacks subject matter jurisdiction to entertain his challenge to that conviction.

It is true that petitioner is currently in custody based on *other* prior convictions from Jefferson Parish, Louisiana.[6]  However, that is immaterial to his instant challenge to his 2007 Orleans Parish conviction in Case No. 457-460.  As noted, it was ordered that petitioner's thirty-month sentence on the 2007 conviction be served *concurrently* with any other sentences for which he was incarcerated.  A petitioner does not meet the custody requirement to challenge an expired sentence simply because he remains "in custody" on a separate concurrent sentence.  Mays v. Dinwiddie, 580 F.3d 1136, 1140-41 (10th Cir. 2009); see also Sweet v. McNeil, 345 Fed. App'x 480, 482 (11th Cir. 2009); Mitchell v. Tanner, Civ. Action No. 13-4918, 2014 WL 222071, at *2 n.14 (E.D. La. Jan. 21, 2014); Butler v. Quarterman, No. 3-09-CV-0700, 2009 WL 3097283, at *2 n.3 (N.D. Tex. Sept. 28, 2009).

## RECOMMENDATION

Accordingly, **IT IS RECOMMENDED** that the petition for federal *habeas corpus* relief filed by Steven Campbell be **DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after

---

[6] The history of the Jefferson Parish convictions is set forth in detail in the undersigned's Report and Recommendation concerning the federal *habeas corpus* application petitioner filed challenging those convictions.  That Report and Recommendation is currently pending before the United States District Judge in Campbell v. Tanner, Civ. Action No. 13-4843 "E"(3) (E.D. La.).

being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[7]

New Orleans, Louisiana, this twenty-second day of September, 2015.

*Daniel E. Knowles, III*

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[7] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.